OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendant State Farm Mutual Automobile Insurance Company (State Farm) for an order permitting reargument of petitioner Belanger’s motion brought on by an order to show cause signed by this court on October 29, 1980 and decided by this court on May 15, 1981, and permitting State Farm to serve its proposed answer to the petitioner’s court application. Defendant State Farm further seeks relief upon reargument of a denial of the petitioner's request insofar as it seeks to alter the established rules and regulations of the present no-fault arbitration system and insofar as it requests summary judgment herein.
It is the position of State Farm that State Farm did not respond to the petitioner’s motion upon receipt of notice of same based upon advice of legal counsel and review of the moving papers.
It is the contention of State Farm that though State Farm is a named respondent, the allegations of the petition *482 are all directed toward respondents American Arbitration Association (AAA) and Albert B. Lewis (Lewis), the New York State Superintendent of Insurance and that there is no application for relief against State Farm. The petition requests that respondent AAA be directed to comply with this court’s order of May 17, 1978 and that respondent Lewis be directed to schedule the subject arbitration. The petitioner further alleges he has been aggrieved by the actions of respondents AAA and Lewis. State Farm is not mentioned nor is there a request for court directive addressed to State Farm. However, the decision of this court dated May 15, 1981 holds that the Insurance Department regulation which sets a $50 fee for arbitrators who hear no-fault arbitration is arbitrary and capricious and that State Farm must pay the necessary arbitrator’s fees to facilitate the completion of the arbitration ordered by the May 17,1978 order of this court. Therefore, State Farm has become a party aggrieved and therefore requests reargument and an opportunity to be heard and allowed to serve its proposed answer to petitioner’s moving papers.
State Farm contends that subdivision 2 of section 675 of the Insurance Law extends to the petitioner the option of submitting his dispute regarding first-party benefits under the no-fault Insurance Law to arbitration or pursuing his remedy in a court of law through the vehicle of a lawsuit. Petitioner chose to proceed within the context of an arbitration. Petitioner should not now be heard that he is aggrieved because of the rules and regulations surrounding the forum which he has elected. State Farm’s main contention is that it is because of his election and not because of the arbitration system that petitioner is now aggrieved and therefore, it is patently unfair and unjust to place additional and unexpected burdens upon the system and upon the other participants in that system because of the petitioner’s ill-advised choice of forum.
State Farm further contends that the arbitration procedures established by regulation (11 NYCRR 65.7) were intended to provide an economical and speedy method for resolution of disputes. Insurance carriers have taken the regulations into consideration in establishing their rates, premiums and business costs to be incurred in offering and *483 administering automobile insurance policies. State Farm further contends that to hold the regulation arbitrary and capricious creates potentially harmful ramifications which are unlimited.
State Farm requests that upon reargument, the court deny the petitioner’s request insofar as it seeks to alter the established rules and regulations of the present no-fault arbitration system and insofar as it requests summary judgment.
This court cannot agree with State Farm’s contention that petitioner is in some way stuck with a bad deal by his election to submit his case to arbitration instead of to proceed by a lawsuit and that he cannot complain because a qualified arbitrator cannot be supplied by AAA at $50 per day. Petitioner is entitled to have a fair, impartial, equitable and legal arbitration which, in this court’s opinion, must include an adequately paid qualified arbitrator.
This court did not decide that 11 NYCRR 65.7 was in all respects arbitrary and capricious, but merely held that a hard and fast regulation that a $50 per day fee for an arbitrator, who must be a lawyer pursuant to the Insurance Department regulations, with no discretion in anyone to increase the amount under unusual circumstances, as we have here, is arbitrary and capricious. This court further held that $50 per day is inadequate to provide the arbitration to which the petitioner in this case is entitled. This decision was based upon AAA’s contention that it cannot obtain an arbitrator who is a lawyer in the Province of Quebec, Canada, as required in this case, for a $50 per day fee, the maximum allowed under the regulation.
This court further decided that State Farm must pay such arbitrator’s fees as are necessary to carry out the order of this court dated May 17, 1978 and carry out the provisions of subdivision 2 of section 675 of the Insurance Law of this State (11 NYCRR 65.7 [a] [24]).
The motion of State Farm for reargument is therefore denied and its motion is dismissed.